IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Intel Corp., | NO. C 08-03578 JW |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION** |
| v. | |
| Intelsys Software, LLC, | |
| Defendant. | |

## I.  INTRODUCTION

Intel Corporation ("Plaintiff") brings this action against Intelsys Software, LLC ("Defendant") alleging, *inter alia*, trademark infringement and unfair competition.  Plaintiff alleges that, despite its attempts to resolve this matter out of court, Defendant persists in infringing Plaintiff's "INTEL" mark through its use of the trade name and trademark "Intelsys Software."

Presently before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction.[1]  The Court conducted a hearing on January 16, 2009.  Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiff's Motion for Default Judgment and Permanent Injunction.

## II.  BACKGROUND

In a Complaint filed July 25, 2008, Plaintiff alleges as follows:

Plaintiff owns numerous United States, California and common law trademarks for the mark "INTEL," and uses this mark as a trade name, trademark and service mark on

---

[1] (Plaintiff Intel Corporation's Motion for Default Judgment and Permanent Injunction Against Defendant Intelsys Software LLC, hereafter, "Motion," Docket Item No. 12.)

virtually its entire line of products and services. (Complaint for Damages and Civil Relief ¶¶ 10, 13, 17, hereafter, "Complaint," Docket Item No. 1.) Plaintiff regularly uses its "INTEL" mark with generic terms to identify products and services that originate from Plaintiff. (Id. ¶ 12.) In addition, Plaintiff owns and uses numerous trademarks that incorporate its INTEL mark as a prominent component. For example, Plaintiff owns the following additional trademarks: "INTEL INSIDE," "INTEL SPEEDSTEP," "INTEL XEON," and "INTEL NETMERGE." (Complaint ¶¶ 14-16.)

Defendant develops software applications, websites and computer security products, including software applications for network utilities, wireless applications and enterprise solutions. (Complaint ¶ 20.) Defendant maintains a website at www.intelsysus.com. Defendant also uses the mark "Intelsys Software," which incorporates Plaintiff's INTEL trademark and adds the generic term "sys"–a common abbreviation for "systems"–and the generic term "software." (Id. ¶ 21.) Defendant markets its products and services through similar channels of trade and to similar customers as Plaintiff. (Id.)

Despite Defendant's knowledge of Plaintiff's rights, and Plaintiff's numerous attempts to resolve its dispute outside of court, Defendant has persisted in using the Intelsys Software trade name and trademark. (Complaint ¶¶ 22, 26, 43, 48.) Defendant's unauthorized use of the Intelsys Software name and trademark falsely indicates to consumers that Defendant's products and services are in some manner connected with, or related to, Plaintiff. (Id. ¶ 27.) Defendant's use of the mark allows it to benefit from the goodwill established by Plaintiff. Defendant also has caused, and will likely continue to cause, consumers to be confused regarding the source, nature and quality of the products and services it is promoting or selling. (Id. ¶¶ 28, 31.) Defendant's conduct has, and will continue to have, an adverse effect on the value of and distinctive quality of the INTEL mark. (Id. ¶¶ 39, 41.)

On the basis of the allegations outlined above, Plaintiff brings seven causes of action: (1) Trademark Infringement pursuant to the Lanham Act, 15 U.S.C. § 1114; (2) False Designation of Origin pursuant to the Lanham Act, 15 U.S.C. § 1125(a); (3) Federal Trademark Dilution pursuant to the Lanham Act, 15 U.S.C. § 1125(c); (4) Dilution and Injury to Business Reputation pursuant to Cal. Bus. & Prof. Code § 14247; (5) Trademark Infringement pursuant to Cal. Bus. & Prof. Code § 14245; (6) Common Law Unfair Competition (Passing Off); and (7) Unfair Competition pursuant to Cal. Bus. & Prof. Code § 17200.

Defendant was served on August 1, 2008. (See Docket Item No. 8.) On August 29, 2008, the Clerk of Court entered default as to Defendant. (See Docket Item No. 13.)

Presently before the Court is Plaintiff's Motion for Default Judgment and Permanent Injunction.

### III. STANDARDS

Pursuant to Fed. R. Civ. P. 55(b)(2), a party may move the court for an entry of default judgment. The grant of a default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In the Ninth Circuit, the district court must consider which of seven factors supports the entry of a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### IV. DISCUSSION

**A.  Default Judgment**

The decision to grant or deny a default judgment under Fed. R. Civ. P. 55(b) is within the discretion of the Court. See Eitel, 782 F.2d at 1471-72. Although there is strong public policy

favoring decisions on the merits, it is only one factor among several to be considered. Thus, the Court examines whether under the other factors, default judgment is appropriate in this case.

First, Defendant has failed to defend the action or otherwise communicate with the Court. Thus, Defendant has made no showing of excusable neglect. Further, Plaintiff has attempted to resolve this matter with Defendant outside of court and through litigation. (Complaint ¶ 22.) If Plaintiff is not granted default judgment, it may be without any recourse for recovery. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). The Court finds Defendant's failure to demonstrate excusable neglect, measured against the possibility of prejudice to Plaintiff, favors default judgment.

Second, once the Clerk of Court enters default, all well-pled allegations regarding liability are taken as true except as to the amount of damages. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Here, the Clerk of Court entered default on August 29, 2008. Upon review of Plaintiff's Complaint, the Court finds that Plaintiff has adequately stated claims under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(c). Therefore, the merits of Plaintiff's claims are deemed valid. Since the allegations are taken as true, there is no possibility of a dispute concerning material facts. These factors favor granting default judgment for Plaintiff.

Third, Plaintiff does not seek an award of damages. Plaintiff only seeks a permanent injunction precluding Defendant from using the Intelsys Software trade name and mark. (See Motion at 8.) Since the Lanham Act permits the Court to fashion any injunctive remedy the Court deems reasonable to prevent the violation of a trademark holder's rights, the Court finds Plaintiff's request permissible. See 15 U.S.C. §§ 1116(a), 1125(a). This factor favors default judgment for Plaintiff.

In sum, the Court finds that the Eitel factors support the grant of default judgment. Accordingly, the Court GRANTS Plaintiff's Motion for Default Judgment.

4

**B.     Permanent Injunction**

Plaintiff contends that it is entitled to a permanent injunction to prevent Defendant's future infringement of its trademarks through the use of the trade name and mark Intelsys Software. (Motion at 7.)

Under the Lanham Act, a district court has the power to grant injunctions according to the rules of equity, and on such terms as the court deems reasonable, to prevent the violation of a trademark holder's rights. See 15 U.S.C. §§ 1116(a), 1125(a); see also Levi Strauss & Co. v. Shilon, 121 F.3d 1309, 1314 (9th Cir. 1997); Interstellar Starship Services, Ltd. v. Epix, Inc., 304 F.3d 936, 948 (9th Cir. 2002). Injunctive relief is available even in a default judgment setting. See e.g., Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494 (C.D. Cal. 2003). However, a plaintiff is not entitled to an injunction as a matter of course; rather, where a trademark holder demonstrates ongoing infringement of its marks, an injunction is appropriate. Pepsico Inc., 238 F. Supp. 2d at 1177-78 (internal citations omitted).

In this case, Plaintiff alleges that Defendant "has persisted in using the Intelsys Software trade name and trademark and has refused to voluntarily change its mark." (Complaint ¶ 22.) Further, Plaintiff alleges that it "has been, is now, and will be irreparably injured and damaged . . . and [unless Defendant is enjoined, Plaintiff] will suffer harm to its name, reputation and goodwill. This harm constitutes an injury for which [Plaintiff] has no adequate remedy at law." (Id. ¶¶ 32, 35, 40.) Taking Plaintiff's allegations as true, the Court finds good cause exists to issue an injunction.

## V.  CONCLUSION

The Court GRANTS Plaintiff's Motion for Default Judgment and Permanent Injunction. Judgment will be entered in favor of Plaintiff and against Defendant accordingly.

Dated:  February 6, 2009

JAMES WARE
United States District Judge

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Eric J. Ball eball@fenwick.com
Jedediah Wakefield jwakefield@fenwick.com

**Dated: February 6, 2009**          **Richard W. Wieking, Clerk**

                                     **By:   /s/ JW Chambers
                                             Elizabeth Garcia
                                             Courtroom Deputy**